UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARK R. WELLMAN, et al.,

        **Plaintiffs,**                    **Case No. 2:08-cv-531**
                                                **JUDGE GREGORY L. FROST**
        **v.**                         **Magistrate Judge Norah McCann King**

NATIONAL CITY MORTGAGE
COMPANY, et al.,

        **Defendants.**

## OPINION AND ORDER

This matter came on for consideration of Plaintiff's Motion for a Temporary Restraining

Order Without Bond ("Plaintiff's Motion for a TRO") (Doc. # 3).  For the reasons that follow,

the Court **DENIES** Plaintiff's motion.

### I.  Background

The background set forth below has been taken from Plaintiff's Complaint (Doc. # 2),

Plaintiff's Motion for a TRO (Doc. # 3), or the 65.1 conference held on June 2, 2008.

Plaintiffs, Mark R. and Gina S. Wellman, and Defendant National City Mortgage

Company, became mortgagors and mortgagees on May 11, 1994.  Sometime thereafter Plaintiffs

sought bankruptcy.  On March 12, 2002, Defendants filed for foreclosure on the subject

mortgage, which is Plaintiffs' primary residence, in the Pickaway County Court of Common

Pleas, Case No. 2002-CI-067 ("Foreclosure Action").

Plaintiffs alleged that they "attempted" to enter into a Settlement Forbearance Agreement

in early 2003.  This agreement contained an Agreed Decree of Foreclosure.  Plaintiffs argue that

Defendants committed fraud with regard to their execution of this agreement.

On February 25, 2006, Defendant filed a motion to enforce the Settlement Forbearance Agreement in the Foreclosure Action.  Plaintiffs' allegation that Defendants perpetrated fraud in the Foreclosure Action was properly indicated in their answer and counterclaim in that action.

On October 31, 2006, the state trial court granted Defendants' motion to enforce the Settlement Forbearance Agreement and dismissed Plaintiff's counterclaim.  The Fourth District Appellate Court of Ohio affirmed the trial court's decision.  Plaintiffs have appealed the Foreclosure Action to the Ohio Supreme Court.  That court has not yet informed Plaintiffs whether it will hear their appeal.

On March 4, 2008, Defendants purchased the subject real estate at the foreclosure sale.

A writ of possession has issued to the Sheriff of Pickaway County to remove Plaintiff from the subject property on June 11, 2008.

On June 2, 2008, Plaintiffs filed the instant action requesting a temporary restraining order (TRO") that would enjoin the execution of the writ of possession.  Plaintiffs also bring a cause of action for fraud against Defendants and rely on diversity to establish this Court's subject matter jurisdiction.

Also on June 2, 2008, this Court held an initial conference pursuant to S.D. Ohio Civ. R. 65.1.  An oral hearing on the TRO is scheduled for June 5, 2008.

## II.  Discussion

There are several reasons why this Court must deny Plaintiff's request for injunctive relief.

## A.  The *Younger* Abstention Doctrine

Plaintiffs ask this Court to enjoin the ongoing state Foreclosure Action in which they

2

raised certain claims and defenses in an attempt to prevent foreclosure on the subject property.

This Court, however, is without jurisdiction to consider their request for injunctive relief.  *See*

*Younger v. Harris*, 401 U.S. 37 (1971).  The *Younger* abstention doctrine minimizes federal

court interference with ongoing state court proceedings.  *Middlesex County Ethics Comm. v.*

*Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982); *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir.

1995). This Court must abstain where:

> (1) there are ongoing state proceedings involving the would-be federal plaintiffs
> that are judicial in nature, (2) the state proceedings implicate important state
> interests, and (3) the state proceedings afford an adequate opportunity to raise the
> federal claims.

*Middlesex County*, 457 U.S. at 432; *Kelm*, 44 F.3d at 419.

Here, all three requirements are met.  The Foreclosure Action is a prior pending state

court proceedings that is directly related to the TRO request made to this Court.  Additionally,

the State of Ohio has an important interest in resolving ejectment and foreclosure disputes.

*Doscher v. Menifee Circuit Court*, 75 Fed. Appx. 996, 997 (6th Cir. 2003) (finding that

foreclosure actions are important state interests under *Younger*).  Finally, Plaintiffs still have an

appropriate avenue for appeal at the Ohio Supreme Court, which they are currently pursuing.

Therefore, under these circumstances, *Younger* and its progeny obligate this Court to

abstain from adjudicating Plaintiffs' request for injunctive relief.

**B.  The *Rooker-Feldman* Doctrine**

The *Rooker-Feldman* doctrine prevents a federal court from exercising jurisdiction over a

claim alleging error in a state court decision.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413,

416 (1923)[1]; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983)[2];

*Patmon v. Mich. Supreme Court*, 224 F.3d 504, 506-07 (6th Cir. 2000).  Under *Rooker-Feldman*,

a federal district court may not hear an appeal of a case already litigated in state court.  Plaintiffs

here ask this Court to do the very thing that the *Rooker-Feldman* doctrine forbids.  *See Doscher*,

75 Fed. Appx. at 997 (referring to a foreclosure action in which the plaintiff claimed mistakes by

the state court).  Thus, this Court lacks jurisdiction to order the injunctive relief Plaintiffs

request.

**C.  The Anti-Injunction Statute**

Under a related but alternative avenue of reasoning, the requested injunctive relief cannot

be granted because the Federal Anti-Injunction Act prohibits a district court from enjoining a

state court proceeding, unless the injunction (a) is expressly authorized by an Act of Congress;

(b) is necessary "in aid of" federal jurisdiction; or (c) would "protect or effectuate" the federal

court's judgments.  28 U.S.C. § 2283.  None of these provisions are applicable to the facts and

legal issue involved in the instant matter.

The Anti-Injunction Act has been interpreted to preclude a federal court from prohibiting

judicial executions to enforce collection of a state court judgment, such as the Foreclosure

Action at issue here.  *Martingale LLC v. City of Louisville*, 361 F.3d 297, 302 (6th Cir. 2004).

In the instant case, the Court finds no federal law that would permit the Court to issue the

---

[1]In *Rooker*, the United State Supreme Court concluded that the allegedly incorrect decision arrived at by a state court that had been affirmed on appeal to the state supreme court could not be addressed by a federal district court because to do so would be an exercise of appellate jurisdiction.

[2]In *Feldman*, the Court again confirmed that a United States District Court has not authority to review final judgments of a state court in judicial proceedings.

requested TRO.  *See Smith v. ABN AMRO Mortgage Group*, No. 1:06cv45, 2007 WL 2029044 (S.D. Ohio July 10, 2007) (finding same in similar circumstances).  Furthermore, the requested injunction is not "necessary in aid of" this Court's jurisdiction, if any, over the present matter. Finally, issuing the requested injunction would not protect or effectuate any federal court judgment because there is no such judgment to consider.  *See id.*  Because Plaintiffs' Motion for a TRO presents no exception to the Anti-Injunction Act, this Court lacks jurisdiction to grant the requested injunction.  *See id.*

### III.  Conclusion

Based on the foregoing, the Court **DENIES** Plaintiffs' Motion for TRO (Doc. # 3) and **VACATES** the hearing scheduled for June 5, 2008.

**IT IS SO ORDERED.**

<u>**/s/ Gregory L. Frost**</u>
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**