UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARK R. WELLMAN,** *et al.***,**

      **Plaintiffs,**

  vs.                                          **Civil Action 2:08-CV-531**
                                                    **Magistrate Judge Norah McCann King**

**NATIONAL CITY MORTGAGE
COMPANY,** *et al.***,**

      **Defendants.**

## OPINION AND ORDER

      This is a diversity action in which plaintiffs assert state law claims of fraud on the part of defendants in connection with certain foreclosure and bankruptcy proceedings. Plaintiffs ask that the state court foreclosure proceedings be enjoined and dismissed, that a cloud upon plaintiffs' title to certain real property be cleared and that plaintiffs be awarded compensatory and punitive damages. *Complaint,* Doc. No. 2. Named as defendants are National City Mortgage Company ["the mortgage company"], National City Corporation and Phillip J. Cobb, identified in the *Complaint* as a vice-president of the mortgage company and a resident of Miamisburg, Ohio. *Id.*[1] With the consent of the parties, 28 U.S.C. § 636(c), this matter is before the Court on defendants' motion to dismiss. Doc. No. 14. For the reasons that follow, the Court **GRANTS** defendants' motion.

      Plaintiffs invoke this Court's diversity jurisdiction which authorizes the exercise of original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between -- (1) citizens of different

---

[1] Service of process on defendant Cobb was returned unexecuted. Doc. No. 11.

States." 28 U.S.C. § 1332(a)(1). Defendants argue that, because there is not complete diversity, this Court lacks jurisdiction to proceed. This Court agrees.

Section 1332 has been interpreted to require complete diversity between all plaintiffs on the one hand and all defendants on the other. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267-68, 2 L. Ed. 435 (1806); *Safeco Ins. Co. of Am. v. City of White House, Tenn.*, 36 F.3d 540, 545 (6th Cir. 1994). Here, both plaintiffs are residents of Ohio. *Complaint.* Defendant Cobb is also identified in the *Complaint* as a resident of Ohio. *Id.* Complete diversity is therefore lacking.

In the response to the motion to dismiss, plaintiffs also suggest that federal question jurisdiction may exist because the *Complaint* asserts a claim of fraud on the bankruptcy court. *Plaintiffs' Memorandum contra,* at p.5, Doc. No. 22. However, any such claim should be presented in the bankruptcy court as a motion for relief from judgment under F.R. Civ. P. 60(b). *Cascella v. Canaveral Port Dist.,* 197 Fed. Appx. 839, 842 (11th Cir. 2006)(district court's dismissal of bankruptcy fraud claims was appropriate). *See also Matter of Met-L-Wood Corp.,* 861 F.2d 1012, 1018 (7th Cir. 1988)(fraud claim was "thinly disguised collateral attack" on bankruptcy court's judgment, brought after time for appeal had run, and was properly dismissed).

Accordingly, the Court **GRANTS** defendants' motion to dismiss, Doc. No. 14.

The Clerk shall enter **FINAL JUDGMENT** dismissing the action, without prejudice, for lack of subject matter jurisdiction.

September 9, 2008                     s/Norah McCann King
                                      Norah McCann King
                                      United States Magistrate Judge